UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**SANDRA GEISLER,**

       Plaintiff,

  -vs-

                                       **Case No. 04-C-762**

**WYETH LLC, PHARMACIA & UPJOHN
COMPANY LLC, PFIZER, Inc., and
PHARMACIA CORPORATION,**

       Defendants.

## DECISION AND ORDER

The Court is in receipt of the parties' joint notice of settlement and also their response to the Court's order to show cause as to whether this matter should be remanded to Racine County Circuit Court for lack of jurisdiction. In its Order, the Court noted that two of the remaining defendants now identify themselves as LLCs, and the citizenship of those entities was unclear. In response, the parties note the general rule that jurisdiction is measured at the time of removal and is not affected by subsequent events. *See, e.g., Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004); *In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir. 1992). This general rule is subject to certain exceptions, *see e.g. Pickell v. Rally Mfg., Inc.*, No. 07-CV-0130-MJR, 2008 WL 130861, at *1 (S.D. Ill. Jan. 11, 2008) ("One exception to this general rule occurs if a party added by amended complaint was indispensable when the action was filed"); moreover, the district court "can consider any evidence shedding light on

the existence of subject matter jurisdiction at the time of removal, even if . . . that evidence is developed through post-removal discovery." *Ford v. Keck*, No. 06-cv-667-DRH, 2007 WL 1022003, at *4 (S.D. Ill. Apr. 2, 2007). The Court need not explore any of these exceptions or caveats because the Court is now satisfied that the parties are completely diverse. The Court will await finalization of the settlement. The parties should submit a status report within **sixty (60) days** of the date of this Order if the settlement is still in the process of being finalized at that time.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2013.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA
U.S. District Judge**